U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER BENSON,<br><br>        Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, LP, CHAE BANK USA, UNITED COLLECTION BUREAU, INC., FREDERICK J. HANNA & ASSOCIATES, PC, and WELTMAN, WEINBERG & REIS CO., LPA,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No: 3:11-cv-01096-GPM-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# **LVNV FUNDING, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant LVNV FUNDING LLC ("LVNV")by and through its attorneys, David Schultz and Nabil Foster with Hinshaw & Culbertson LLP, and for its Answer to Plaintiff's Complaint, states as follows:

## **COUNT I**

## **(VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST ALL DEFENDANTS)**

1.    Plaintiff, Roger Benson, is an individual, citizen and resident of the State of Illinois, residing in St. Clair County, Illinois, where he has resided since about January 2009. Plaintiff previously resided in Jonesboro, Arkansas for a brief period from about November 1, 2008 through about January 1, 2009.

**ANSWER:** **LVNV admits that Plaintiff is an individual. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

2.    Defendant, LVNV Funding, LLC is a debt collection agency which regularly conducts business within the State of Illinois. It is registered with the Illinois Secretary of State

as a foreign corporation authorized to do business in the State of Illinois, and maintains a registered agent and office within the City of Chicago, Illinois. It is registered as a debt collection agency with the Illinois Department of Financial and Professional Regulation under the Illinois Collection Agency Act, operating under License No. 017021172, which was issued on about August 28, 2008.

**ANSWER:** **LVNV admits it is a foreign corporation authorized to do business in Illinois and that LVNV has a registered agent in Illinois. LVNV admits that it holds an Illinois collection agency license, No. 017021172, which was issued on about August 28, 2008. LVNV denies the remaining allegations of this paragraph.**

3. Defendant, Resurgent Capital Services, LP, is a limited partnership, which manages the debt collection activities of Defendant, LVNV Funding, LLC, which at all times relevant either controlled the activities of Defendant, LVNV Funding, LLC, or acted in concert with Defendant, LVNV Funding, LLC.

**ANSWER:** **LVNV admits RESURGENT is a limited partnership and that it helps to manage the debts held by LVNV. LVNV denies that RESURGENT controlled the activities of LVNV or that it acted in concert with RESURGENT.**

4. Defendant, United Collection Bureau, Inc., is a corporation, which conducts a debt collection business within the State of Illinois on a regular basis, and which sent dunning letters to Plaintiff, which were received by Plaintiff in Illinois in the case at bar. It is registered with the Illinois Secretary of State as a foreign corporation authorized to conduct business within the State of Illinois and maintains a registered agent and office within the City of Chicago, Illinois. It is licensed as a debt collection agency by the Illinois Department of Financial and

130260091v1 0930116

Professional Regulation under the Illinois Collection Agency Act, operating under License No. 017001091, which was issued on February 13, 1991.

**ANSWER:** **LVNV admits United Collection Bureau Inc is a corporation and that it engages in debt collection work in Illinois. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

5. Defendant, Frederick J. Hanna & Associates, P.C., is a law firm engaged in debt collection activities, which engaged in debt collection activities in the State of Illinois in the case at bar by sending a dunning letter to Plaintiff, which was received by Plaintiff in the State of Illinois.

**ANSWER:** **LVNV admits Frederick J. Hanna & Associates P.C. is a law firm and that it engages in debt collection work in Illinois. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

6. Defendant, Weltman, Weinberg & Reis Co., LPA, is a law firm, and a corporation and/or a limited partnership with its principal place of business in Ohio, which conducted debt collection activities within the State of Illinois in the case at bar by sending a dunning letter to the Plaintiff, which was received by Plaintiff in the State of Illinois

**ANSWER:** **LVNV admits Weltman, Weinberg & Reis Co., LPA is a law firm based in Ohio and that it engages in debt collection work in Illinois. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

7. Plaintiff previously had a credit card account with Chase Bank USA d/b/a Chase Card Services for a credit card account number ending in 1289 (hereinafter "Account No. 1289").

**ANSWER: LVNV admits that Plaintiff had a credit card with Chase Bank with an account number that ended in 1289.**

8. On November 11, 2008, Plaintiff wrote Chase Bank USA d/b/a Chase Card Services offering to compromise and settle any disputes about the amount due, if any, under Account No. 1289, as set forth in Exhibit A, in five pages, attached hereto and incorporated herein by reference.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

9. The settlement proposal attached as Exhibit A included a money order payable to Chase Card Services in the amount of $20.00 pursuant to the terms of the settlement proposal. A copy of the money order and related documents reflecting that it was cashed by Chase Card Services is attached hereto as Exhibit B, in four pages, and incorporated herein by reference. Chase Bank USA d/b/a Chase Card Services accepted Plaintiffs settlement proposal, set forth in Exhibit A attached, and cashed the money order on about November 11, 2008, as set forth in Exhibit B attached. The money order also contained language on the reverse side, endorsed by Chase Bank USA, stating that it was accepted in full satisfaction of all claims with respect to Account No. 1289, as set forth on pp. 2 and 4 of Exhibit B attached.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. On June 8, 2009, Defendant, United Collection Bureau, Inc. (hereinafter "United Collection") wrote Plaintiff demanding payment of Account No. 1289 in the sum of $4,731.84, as set forth in Exhibit C, in two pages attached. Plaintiff received that letter in St. Clair County, Illinois after it was forwarded from Arkansas.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11. On June 26, 2009, without waiting for a response to Exhibit C, Defendant, United Collection sent Plaintiff another demand for payment on Account No. 1289, as set forth in Exhibit D, in two pages attached. Plaintiff received Exhibit D in St. Clair County, Illinois, after it was forwarded from Arkansas.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

8. On August 19, 2009, Plaintiff wrote United Collection, less than 30 days after Plaintiff received Exhibit D in Illinois, disputing the alleged debt and demanding validation and verification under the Fair Debt Collection Practices Act as set forth in Exhibit E, in four pages, which is attached hereto and incorporated herein by reference. Defendant, United Collection, received Plaintiff's August 19, 2009 letter (Exhibit E) on August 21, 2009. See p. 4 of Exhibit E attached, the certified mail return receipt signed by United Collection.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

9. Defendant, United Collection, did not respond to Plaintiffs August 19, 2009 letter (Exhibit E) and did not provide verification or validation of the debt alleged in its letters of June 8, 2009 and June 26, 2009 (Exhibits C and D).

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

10. On October 7, 2009, Defendant, Frederick J. Hanna 8 6 Associates, P.C. (hereinafter "Hanna") wrote Plaintiff demanding payment of Account No. 1289 in the sum of $4,731.84, identifying Chase Bank USA as the creditor as set forth in Exhibit F, in one page, attached hereto and incorporated herein by reference.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

11. Plaintiff received the letter attached as Exhibit F, from Defendant, Hanna, in St. Clair County, Illinois after it was forwarded from Arkansas.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

12. On October 23, 2009, Plaintiff wrote Defendant, Hanna, disputing the alleged debt, demanding validation and verification and attaching copies of the settlement documents with Chase Bank USA (Exhibits A and B) as set forth in Exhibit G, in four pages, attached hereto and incorporated herein by reference.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

13. Defendant, Hanna, received Plaintiffs October 23, 2009 letter on October 26, 2009 as set forth on p. 4 of Exhibit G attached when Defendant, Hanna, signed the certified mail return receipt.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

130260091v1 0930116

14. Defendant, Hanna, did not respond to Plaintiffs October 23, 2009 letter, and did not provide verification or validation of the alleged debt.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

15. On October 13, 2011, Defendant, Weltman, Weinberg 86 Reis Co., LPA (hereinafter "Wellman") wrote Plaintiff demanding payment on an account for which Chase Bank USA was identified as the original creditor and LVNV Funding, LLC identified as the current creditor, with an alleged balance due of $5,404.67 as of October 13, 2011, as set forth in Exhibit H, in one page, attached hereto and incorporated herein by reference.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

16. The October 13, 2011 letter from Defendant, Weltman, identified an account number ending in 6688.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

17. Plaintiff has never had an account with Chase Bank USA or LVNV Funding, LLC which ended in the numbers "6688".

**ANSWER:** **LVNV denies the allegations of this paragraph.**

18. Plaintiff received the letter attached as Exhibit H, from Defendant, Wellman, in St. Clair County, Illinois on about October 28, 2011.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

130260091v1 0930116

19. On Monday, November 7, 2011, Plaintiff called the telephone number on Exhibit H and spoke with Ms. Sherman, an employee of Defendant, Wellman, at Station No. 22765. Ms. Sherman stated that Exhibit H, through a typographical error, contained the wrong account number and actually applied to Account No. 1289. She also stated that Exhibit H was the third letter that Defendant, Wellman, had sent to Plaintiff in Arkansas and that the first two letters that were sent to a different Jonesboro, Arkansas address had been returned unopened. Ms. Sherman stated further that the United States Postal Service had provided Defendant, Wellman, with an updated Arkansas address for the Plaintiff.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

20. At all times herein relevant, the Defendants acted in concert by using revolving collection agencies to send multiple dunning letters to Plaintiff without providing the verification and validation demanded by Plaintiff in response to these dunning letters.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

21. Defendants, and each of them, also failed to respond to Plaintiff's letters stating that he had entered into a compromise and settlement with Chase Bank USA d/b/a Chase Card Services, as set forth in Exhibits E and G attached.

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

22. Defendant, Chase Bank USA, attempted to assign and transfer its interest in Account No. 1289 to Defendant, LVNV Funding, LLC, after Defendant, Chase Bank USA, had

entered into a settlement agreement and accepted payment from Plaintiff to settle all disputes relating to the account.

**ANSWER:** **LVNV admits that Chase Bank assigned and transferred its interests in Plaintiff's account to LVNV Funding LLC. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

23. Defendants, and each of them, acting in concert, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692(o) in one or more of the following respects:

    (a) By failing to provide validation or verification of the alleged debt as required by Section 1692(g);

    (b) By repeatedly demanding payment on an account that had previously been settled and on which Plaintiff had been released by Chase Bank USA d/b/a Chase Card Services in violation of Section 1692(g);

    (c) By failing to respond to Plaintiffs letters of August 19, 2009 (Exhibit E) and October 23, 2009 (Exhibit G);

    (d) By transferring the debt collection activities with respect to Account No. 1289 to new debt collection agencies each time Plaintiff responded to a dunning letter demanding verification and validation.

**ANSWER:** **LVNV denies the allegations of this paragraph, including subparagraphs a to d.**

24. Plaintiff has incurred, and will incur, attorneys' fees relating to the Defendant's violations of the Fair Debt Collection Practices Act in a sum in excess of $50,000.00, which Plaintiff is entitled to recover from each Defendant pursuant to the Act.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

25. Plaintiff has been damaged in a sum in excess of $1,000.00 for each of the Defendants' violations of the Fair Debt Collection Practices Act and is entitled to recover at least $1,000.00 from each Defendant for these violations.

**ANSWER:** **LVNV denies allegations in this paragraph.**

26. Plaintiff has suffered additional, substantial damages for emotional distress as a result of the Defendants' conduct in failing to provide verification and/or validation of the alleged debt and as a result of the Defendants' conduct in attempting to collect a debt, which had previously been settled, and by the Defendants' conduct in forwarding the debt collection activities to new debt collection agencies each time Plaintiff responded to a dunning letter, in an additional sum in excess of $100,000.00.

**ANSWER:** **LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

27. Plaintiffs attorneys' Affidavit of the jurisdictional amount in dispute is attached hereto as Exhibit I.

**ANSWER:** **LVNV admits Plaintiff's counsel attached an affidavit. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of any remaining allegations in this paragraph or the contents of the affidavit.**

28. Plaintiff demands trial by a jury on all claims, all counts and all issues set forth in Counts I and III.

**ANSWER:** **LVNV admits the Plaintiff has demanded a trial by Jury on Counts I and III, but denies that Plaintiff is entitled to any relief for those claims.**

## COUNT II

### (CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT VIOLATIONS, AGAINST ALL DEFENDANTS)

29.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-28 as fully set forth in Count I above.

**ANSWER:    LVNV restates its answers to paragraphs 1 to 28 as its answers to paragraphs 1 to 28 and 29 of Count II.**

30.     Defendants, LVNV Funding, LLC and Chase Bank USA, have repeatedly assigned collection of the account Plaintiff previously settled with Chase Bank USA d/b/a Chase Card Services to numerous collection agencies, including Defendants, United Collection, Hanna and Weltman, with knowledge that Plaintiff previously settled this account by compromise and settlement with Chase Bank USA and with knowledge that, with each successive collection agency, Plaintiff had responded to the initial dunning letters demanding verification and validation of the debt, while disputing the debt, and with knowledge that the previous debt collection agencies had not responded to Plaintiffs' demands and that none of the Defendants had previously provided Plaintiff with verification or validation of the alleged debt.

**ANSWER:    LVNV admits Plaintiff's account has been assigned to different entities for collection work.  LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

31.     Defendant, Chase Bank USA, was at all times herein relevant engaged in the conduct of trade and/or commerce within the State of Illinois as defined by 815 ILCS 505/2 by making loans, by engaging in a credit card business and by attempting to collect debts within the State of Illinois.

11

**ANSWER: LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

32. Defendants, LVNV Funding, LLC, Resurgent Capital, Chase Bank United Collection, Hanna and Weltman were at all times relevant engaged in the conduct of trade and/or commerce within the State of Illinois as defined by 815 ILCS 505/2 by attempting to collect debts within the State of Illinois.

**ANSWER: LVNV denies the allegations of this paragraph for itself. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.**

33. Defendants, Chase Bank USA d/b/a Chase Card Services, LVNV Funding, LLC, Resurgent Capital Services, LP, United Collection, Hanna & Weltman, and each of them, engaged in unfair and/or deceptive acts or practices through the employment and use of deception, fraud, false pretenses, false promises, misrepresentations, concealment, suppression and/or omission of material facts with the intent that others rely upon such concealment, suppression and/or omission by failing to provide verification and validation of the alleged debt, by failing to respond to Plaintiffs' letters demanding verification and validation and describing the settlement with Chase Bank USA, and by continuing to demand payment from Plaintiffs of a debt which had been settled, and by forwarding the collection activities of the alleged debt to successive debt collection agents with knowledge that the previous debt collection agents had not responded to Plaintiff's letters demanding verification and validation, all in violation of 815 ILCS 505/2.

**ANSWER:** LVNV denies the allegations of this paragraph for itself. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in this paragraph.

34. As a result of the violations of the Consumer Fraud and Deceptive Business Practices Act, described above, by Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Chase bank USA, United Collection Bureau, Inc., Frederick J. Hanna 8s Associates, P.C. and Weltman, Weinberg & Reis Co., LPA, and each of them, Plaintiff has sustained actual damages in a sum in excess of $50,000.00 and has incurred attorneys' fees in a sum in excess of $50,000.00, which Plaintiff is entitled to recover from Defendants, jointly and severally, pursuant to 815 ILCS 505/10(a).

**ANSWER:** LVNV denies the allegations of this paragraph.

35. At all times herein relevant, Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Chase bank USA, United Collection Bureau, Inc., Frederick J. Hanna & Associates, P.C. and Weltman, Weinberg & Reis Co., LPA, acted pursuant to conspiracy, or alternatively in concert with the common objective of collecting monies from the Defendant, which were not due and owing, and with the objective repeatedly harassing Plaintiff to compel him to pay one or more of the Defendants by repeatedly demanding payment while failing to respond to Plaintiffs' letters demanding verification and validation of the alleged debt and by forwarding the collection activities on the alleged account to successive debt collection agencies with knowledge that the previous debt collection agencies had not responded to Plaintiffs' demands for verification and validation while continuing to fail to respond to Plaintiffs letters stating that the debt had been settled by compromise and settlement and that Chase Bank USA d/b/a Chase Card Services had released Plaintiff as a result of the settlement.

130260091v1 0930116

**ANSWER:** **LVNV denies the allegations of this paragraph.**

36. The conduct of each of the Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Chase bank USA, United Collection Bureau, Inc., Frederick J. Hanna & Associates, P.C. and Weltman, Weinberg & Reis Co., LPA, described above, was willful, wanton, outrageous and malicious warranting an additional sum, as and for punitive damages, in a sum in excess of $100,000.00 against each Defendants, separately and individually, pursuant to 815 ILCS 505/10(a).

**ANSWER:** **LVNV denies the allegations of this paragraph.**

## COUNT III

### (ILLINOIS COLLECTION AGENCY ACT VIOLATIONS, AGAINST ALL DEFENDANTS)

37. Plaintiff realleges and incorporates herein by reference ¶¶ 1-28 as fully set forth in Count I above and 30-36 as fully set forth in Count II above.

**ANSWER:** **LVNV restates its answers to paragraphs 1 to 28 and 30 to 36 as its answers to paragraphs 1 to 28, 29 and 30 to 36 of Count III.**

38. On information and belief, based upon Exhibit H, Defendant, Chase Bank USA d/b/a Chase Card Services, attempted to assign Account No. 1289 to Defendant, LVNV Funding, LLC, at sometime between October 26, 2009 and October 13, 2011 (see Exhibits F; G at p. 4 and H attached).

**ANSWER:** **LVNV admits Plaintiff's Chase Bank credit card account was assigned to LVNV Funding LLC. LVNV lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this paragraph.**

39. At all times herein relevant, Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Chase Bank USA, United Collection Bureau, Inc., Frederick J. Hanna as

Associates, P.C. and Weltman, Weinberg as Reis Co., LPA, acted pursuant to a conspiracy and alternatively acted in concert with a common objective as set forth more specifically in Counts I and II above, which are incorporated herein by reference.

**ANSWER:** **LVNV denies the allegations of this paragraph.**

40. The purported assignment of Account No. 1289 was made after Defendant, Chase Bank USA d/b/a Chase Card Services, released Plaintiff from all claims by reason of compromise and settlement as set forth in Exhibits A and B attached and with knowledge that none of the Defendants had responded to Plaintiff's letters demanding verification and validation of the alleged debt as set forth in Exhibits E and G..

**ANSWER:** **LVNV denies the allegations of this paragraph.**

41. The purported assignment from Defendant, Chase Bank USA d/b/a Chase Card Services, to Defendant, LVNV Funding, LLC, was in violation of the Illinois Collection Agency Act, 225 ILLS 425/8(b) et seq., which provides that a licensed collection agency may not sue or collect a debt in its own name that was allegedly assigned to it without establishing a written assignment, on a separate document in addition to any document intended for the purpose of listing a debt with a collection agency, and that the written assignment must include the effective date of the assignment and the consideration paid for the assignment and must be executed and acknowledged by the corporate authority or individual transferring title to the collection agency (LVNV Funding, LLC).

**ANSWER:** **LVNV denies the allegations of this paragraph.**

42. Without meeting these requirements, any attempt by LVNV Funding, LLC to collect the alleged debt on Account No. 1289 must fail. Business Service Bureau. Inc. vs.

Webster, 298 Ill.App.3d 257, 698 N.E.2d 702 (4th Dist. Ill. App. 1998); LVNV Funding. LLC vs. Trice, 952 N.E.2d 1232, 352 Ill. App. Dec. 6, Ill.App.3d (1st Dist. June 30, 2011).

   **ANSWER:** **LVNV denies the allegations of this paragraph.**

  43. With knowledge that the alleged assignment does not meet the requirements of the Illinois Collection Agency Act, Defendants, and each of them, continued their collection activities on behalf of Defendant, LVNV Funding, LLC, intentionally and maliciously in violation of the Illinois Collection Agency Act, causing Plaintiff to suffer extreme emotional distress and mental anguish and humiliation all to Plaintiff's damages in a sum in excess of $100,000.00.

   **ANSWER:** **LVNV denies the allegations of this paragraph.**

  44. The conduct of each of the Defendants, LVNV Funding, LLC, Resurgent Capital Services, LP, Chase Bank USA, United Collection Bureau, Inc., Frederick J. Hanna & Associates, P.C. and Weltman, Weinberg & Reis Co., LPA, was willful, wanton, intentional, outrageous and malicious warranting an additional sum, as and for punitive damages, in sum in excess of $100,000.00 for punitive damages against Defendant, Chase Bank USA d/b/a Chase Card Services, plus an additional sum in excess of $100,000.00 for punitive damages against Defendant, LVNV Funding, LLC, plus an additional sum in excess of $100,000.00 for punitive damages against Defendant, Resurgent Capital Services, LP, plus an additional sum in excess of $100,000.00 for punitive damages against Defendant United Collection Bureau, Inc., plus an additional sum in excess of $100,000.00 for punitive damages against Defendant, Frederick J. Hanna 8s Associates, P.C., plus an additional sum in excess of $100,000.00 for punitive damages against Defendant, Weltman, Weinberg 8s Reis Co., LPA.

   **ANSWER:** **LVNV denies the allegations of this paragraph.**

45.     Plaintiff demands trial by a jury on all claims, all counts and all issues set forth in Counts I and III.

**ANSWER:     LVNV admits the Plaintiff has demanded a trial by Jury on Counts I and III, but denies that Plaintiff is entitled to any relief for those claims.**

## JURY DEMAND

To the extent that any claims in this complaint are allowed to proceed to trial, Defendant LVNV FUNDING LLC demands a trial by Jury as permitted by law.

## AFFIRMATIVE DEFENSES

Defendant LVNV FUNDING LLC ("LVNV") by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, state as follows:

(a)     If LVNV is found to be vicariously responsible for the alleged conduct of any other party, any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.  LVNV maintains procedures and protocols which require a collection agency to comply and conform to the requirements of the Fair Debt Collection Practices Act.  These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

(b)     If LVNV is found to be vicariously responsible for the alleged conduct of any other party, LVNV is entitled to rely upon the *bona fide error* defense of that other party as its own affirmative defense.

(c)     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and estoppel

(d)     All of plaintiff's claims may not proceed in this lawsuit because the claims are subject to an agreement to arbitrate disputes through binding arbitration.

(e)     The Plaintiff's claims are barred because Plaintiff fails to state a claim upon which relief may be granted.

(f)     The applicable statutes of limitations may bar all or some of Plaintiff's alleged claims.

(g) At all pertinent times, LVNV acted in good faith reliance on the information provided by the seller of the account.

(h) Any damages that the Plaintiff allegedly sustained were proximately caused by the negligence, fault or other wrongful conduct of other parties.

(i) If Plaintiff sustained damages as alleged in the Complaint, which LVNV denies, Plaintiff has failed to mitigate damages.

(j) Plaintiff's claims are barred by the economic loss doctrine to the extent they relate to the contractual rights and obligations specified in the governing Cardmember Agreement.

(k) LVNV reserves the right to raise additional defenses which may come to light during the discovery process.

WHEREFORE, Defendant LVNV FUNDING LLC, prays that Plaintiff's Amended Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

Date: January 20, 2012

David M. Schultz (Atty. No. 6197596)  By: s/Nabil G. Foster
Nabil G. Foster (Atty. No. 6273877)         One of the Attorneys for Defendant
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                nfoster@hinshawlaw.com

130260091v1 0930116

**CERTIFICATE OF SERVICE**

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 20th day of January 2012.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | David M. Duree |
| ___ | Federal Express | David M. Duree & Associates |
| ___ | Mail | 312 South Lincoln Avenue, P.O. Box 1416 |
| ___ | Messenger | O'Fallon, IL 62269 |
| | | Phone: 618-628-0186 |
| | | Fax: 618-628-0259 |
| | | Email: law@dmduree.net |

*Counsel for United Collection Bureau, Inc.*
Patrick A. Bousquet

| | | |
|---|---|---|
| _X_ | CM/ECF | Brown & James - St. Louis, MO - 2 |
| ___ | Facsimile | St. Louis County |
| ___ | Federal Express | 1010 Market Street, 20th Floor |
| ___ | Mail | St. Louis, MO 63101 |
| ___ | Messenger | Phone: 314-242-5335 |
| | | Fax: 314-242-5535 |
| | | Email: pbousquet@bjpc.com |

*Counsel for Chase Bank USA*
Christopher M. Hohn

| | | |
|---|---|---|
| _X_ | CM/ECF | Kimberly M. Bousquet |
| ___ | Facsimile | Thompson Coburn - St. Louis |
| ___ | Federal Express | One US Bank Plaza, Suite 2600 |
| ___ | Mail | St. Louis, MO 63101 |
| ___ | Messenger | Phone: 314-552-6000 |
| | | Email: chohn@thompsoncoburn.com |
| | | kbousquet@thompsoncoburn.com |

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

s/ Nabil G. Foster
Nabil G. Foster
One of the Attorneys for Defendant

130260091v1 0930116