**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROGER BENSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11 - 1096-GPM-PMF |
| LVNV FUNDING, LLC, ) | |
| RESURGENT CAPITAL SERVICES, LP, ) | |
| CHASE BANK USA, ) | |
| UNITED COLLECTION BUREAU, INC., ) | |
| FREDERICK J. HANNA & ASSOCIATES, | |
| PC, and | |
| WELTMAN, WEINBERG & REIS CO., | |
| LPA | |
| Defendants. | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter comes before the Court on Plaintff, Roger Benson's motion to remand to state court (Doc. 16). For the following reasons, Plaintiff's motion is **DENIED**.

### **I. FACTS**

Plaintiff initially filed this case in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County (Doc. 6, Ex. A). Between November 21, 2011, and November 28, 2011, Plaintiff served the six named Defendants in this action with summons and the complaint (Doc. 16, Ex. A, B, C, D, E, F). The last Defendant served with summons and the complaint was Resurgent Capital Services, LP (Resurgent Capital), which occurred on November 28, 2011 (*Id*).

On December 16, 2011, Defendant Chase Bank USA (Chase) filed a notice of removal pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 (Doc. 6). Plaintiff's complaint contains the following allegations against all of the Defendants: violations of the Fair Debt Collection Practices

Act (count one), violations of the Consumer Fraud and Deceptive Business Practices Act (count two), and violations of Illinois Collection Agency Act, (count three) (Doc. 6, Ex. A). Chase claims this case is properly removable because this Court has original jurisdiction over count one pursuant to 28. U.S.C. § 1331, and supplemental jurisdiction over counts two and three (Doc. 6).

When Chase filed the notice of removal, it simply stated "[c]ounsel for all Defendants have consented to this removal" (Doc. 6, ¶ 10). On January 4, 2012, Plaintiff filed a motion to remand to state court (Doc. 16). Plaintiff argues that Chase's statement claiming all Defendants "consented" to the removal was insufficient to satisfy the rule of unanimity (*See* Doc. 16 - 17). Four days after Plaintiff's motion, the five non-removing Defendants filed a written consent to Chase's removal (Doc. 18).

## II. ANALYSIS

The issue presented in this case is whether Chase's statement in the notice of removal that "[c]ounsel for all Defendants have consented to this removal" is sufficient to satisfy the rule of unanimity. The rule of unanimity is a judicially created rule developed through the interpretation of 28 U.S.C. § 1441 and its statutory predecessors, which requires all defendants to join a petition for removal. See *Hanrick v. Hanrick*, 153 U.S. 192, 38 L. Ed. 685, 14 S. Ct. 835 (1894); *Torrence v. Shedd*, 144 U.S. 527, 36 L. Ed. 528, 12 S. Ct. 726 (1892); *Roe v. O'Donohue*, 38 F.3d 298 (7th Cir. 1994). In the Seventh Circuit, to "join" a motion is "to support it in writing[.]" *Roe*, 28 F.3d at 301.[1] Generally, all non-removing Defendants must "join" in the removal within thirty days after

---

[1] The Court is aware of the Federal Courts Jurisdiction and Venue Clarification Act, which was approved December 7, 2011. However, that Act did not take effect until 30 days *after* December 7, 2011, and accordingly only applied to "any action that is commenced in a United States district court on or after such effective date." Since this case was not removed to federal court until December 16, 2011, the Federal Courts Jurisdiction and Venue Clarification Act did not apply to this case.

being served with summons and the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 143 L. Ed. 2d 448, 119 S. Ct. 1322 (1999). It is clear that Chase's statement in the notice of removal, standing alone, fails to satisfy the rule of unanimity. The question then becomes whether Chase's defective notice of removal warrants remand.

The general rule is "that any defect in the removal procedure requires remand." *DeLucca v. Liggett Myers*, No. 00-7781, 2001 U.S. Dist. LEXIS 6733, *3 (N.D. Ill. May 18, 2001). However, with any rule comes exceptions. "[E]ven after the thirty days have elapsed, amendments to correct 'defective allegations of jurisdiction' are permitted." *Id*. (citing *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 273 (7th Cir. 1982)). In "cases where the notice of removal contains procedural defects, the issue for the court is whether the notice was so defective as to be incurable." *Int'l Gateway Commc'ns*. v. *Commc'ns Telesystems Int'l, Inc.*, 922 F. Supp. 122, 124 (N.D. Ill. 1996).

In this case, the defect in Chase's notice of removal was clearly a procedural defect. The notice of removal contained sufficient statements to establish this Court's subject matter jurisdiction pursuant to 28. U.S.C. § 1331 and 28 U.S.C. § 1367. Chase made a representation to the Court the non-removing Defendants consented to the removal. However, this statement alone fails to comply with the Seventh Circuit's interpretation of the removal statutes.

The next step of the analysis then is to determine whether Chase's notice of removal was so defective as to be incurable. The defect in the notice of removal was *not* so *defective as to be incurable* because four days after Plaintiff's motion for remand, the five non-removing Defendants filed a written consent to Chase's removal (Doc. 18). Certainly, it is true that the written consent was filed more than thirty days after Resurgent Capital was served with summons and the complaint.

However the emphasis must be on whether the defect in Chase's notice of removal was so defective as to be incurable. That is clearly not the case here, as the procedural defect in Chase's notice of removal has been cured. Accordingly, Plaintiff's motion for remand to state court (Doc. 16) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: March 1, 2012

                                      /s/ *G. Patrick Murphy*
                                      G. PATRICK MURPHY
                                      United States District Judge