IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROGER BENSON** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**LVNV FUNDING, LLC,** )<br>**RESURGENT CAPITAL SERVICES, LP,** )<br>**CHASE BANK USA,** )<br>**UNITED COLLECTION BUREAU, INC.,** )<br>**FREDERICK J. HANNA & ASSOCIATES,** )<br>**PC, and** )<br>**WELTMAN, WEINBERG & REIS CO.,** )<br>**LPA** )<br>**Defendants.** ) | **CIVIL NO. 11-1096-GPM-PMF** |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on Plaintiff, Roger Benson's motion to dismiss the counterclaim of Defendant, Chase Bank (Doc. 33, 34). For the following reasons, Plaintiff's motion is **DENIED**.

### I. FACTS

On November 16, 2011, Plaintiff filed a complaint against Defendant Chase Bank ("Chase") and other defendants alleging: violations of the Fair Debt Collection Practices Act (count one), violations of the Consumer Fraud and Deceptive Business Practices Act (count two), and violations of Illinois Collection Agency Act (count three) (Doc. 6, Ex. A). In his complaint, Plaintiff alleges that Chase's attempts to collect the debt owed on Account No. 1289

were improper in light of an alleged settlement agreement between Plaintiff and Chase (Doc. 6, Ex. A).  Plaintiff specifically asserts that he sent to Chase a letter along with a money order in the amount of $20.00, which was less than the full balance owed on the account, with an offer that the $20.00 payment be deemed full satisfaction for the balance (Doc. 6, Ex. A).

On December 16, 2011, the case was removed to this Court (Doc. 6).  On January 20, 2012, Chase filed an Answer, Affirmative Defenses, and a Counterclaim for breach of contract against Plaintiff (Doc. 21).  Chase disputes Plaintiff's allegations of settlement of the account and asserts that the debt remains valid (Doc. 38).

On March 7, 2012, Plaintiff filed a motion to dismiss the counterclaim (Doc. 33, 34). Plaintiff asserts that this Court lacks supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367 because the counterclaim is not so related to the claims set forth in the complaint as to form a part of the same case or controversy.

On April 6, 2012, Chase filed a memorandum in opposition to the motion to dismiss (Doc. 38).  Chase argued that the core issue in both claims is whether Chase is entitled to recover the debt and thus the claims form part of the same case or controversy.

## II.  ANALYSIS

The issue presented in this case is whether the claims are so related "that they form part of the same case or controversy" under Article III of the United States Constitution.  28 U.S.C. § 1367(a).  The Court has "jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a). Generally, a district court has supplemental jurisdiction over state claims pursuant to § 1367(a) so long as they "derive from a common nucleus of operative facts" with the original

federal claims. *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008); *Hansen v. Board of Trustees of Hamilton Southeastern School Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). A loose factual connection is generally sufficient. *Houskins,* 549 F.3d at 495. Courts will exercise their jurisdiction if "considerations of judicial economy, convenience and fairness to litigants" weighs in favor of hearing claims at the same time. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

In this case, the underlying claim involves Chase's allegedly unfair collection practices. Plaintiff asserts in his complaint that he made a compromise with Chase to settle the credit card debt, which Chase accepted (Doc. 6, Ex. A). Chase's counterclaim seeks to recover this credit card debt, if it is found that no valid settlement agreement took place. Therefore, one of the core issues in both claims is whether there was a valid accord and satisfaction. In both of these claims, Chase will need to prove the validity of the underlying credit card debt. It is clear that a "loose factual connection" exists and the two claims arise out of the same case or controversy. In light of these facts, judicial economy will be best served by allowing the Court to exercise its jurisdiction over the supplemental claim and hear these issues together in one proceeding.

Accordingly, Plaintiff's motion to dismiss Defendant Chase Bank's counterclaim (Doc. 33, 34) is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 31, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge